NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5137

JOHNNY L. HARRIS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

<u>Johnny L. Harris</u>, of Washington, DC, pro se.

<u>Michael J. Dierberg</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were <u>Peter D. Keisler</u>, Assistant Attorney General; <u>David M. Cohen</u>, Director; and <u>Kathryn A. Bleecker</u>, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Lawrence J. Block

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5137

JOHNNY L. HARRIS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: March 8, 2007

_____

Before BRYSON and LINN, <u>Circuit Judges</u>, and ROBINSON, <u>Chief Judge</u>.[*]

PER CURIAM.

Johnny L. Harris ("Harris") appeals from a decision of the United States Court of Federal Claims dismissing Harris' complaint for lack of jurisdiction.  <u>Harris v. United States</u>, No. 06-357 (Fed. Cl. July 19, 2006).  In that decision, the Court of Federal Claims held that Harris failed to make any meaningful allegations of facts to support his claims against his alleged employer, the Federal Bureau of Investigation ("FBI").  Because Harris has failed to show that the Court of Federal Claims has subject matter jurisdiction over his complaint, the decision of the Court of Federal Claims is <u>affirmed</u>.

---

[*]     Honorable Sue L. Robinson, Chief Judge, United States District Court for the District of Delaware, sitting by designation.

The Tucker Act confers jurisdiction in the Court of Federal Claims over claims against the United States founded upon the Constitution, an act of Congress, a regulation of an executive department, or an express or implied contract. 28 U.S.C. § 1491(a)(1). We have consistently construed this provision as limiting the Court of Federal Claims' jurisdiction to money-mandating claims, i.e., claims where the Constitution, regulation, or statute require compensation by the government for any damage sustained. Smith v. Sec'y of Army, 384 F.3d 1288, 1292 (Fed. Cir. 2004).

Harris presents two arguments on appeal. First, Harris argues that the Court of Federal Claims erred in not requiring the government to come forward with evidence to support its motion to dismiss the complaint for lack of jurisdiction. However, it is Harris' burden, and not that of the government, to establish jurisdiction when faced with a motion to dismiss for lack of jurisdiction. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178 (1936); Mars, Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368 (Fed. Cir. 1994) ("A party seeking the exercise of jurisdiction in its favor bears the burden of establishing that such jurisdiction exists.").

Second, Harris argues that he established jurisdiction under either the Takings Clause; Article I, Section 8, Clause 1 of the Constitution; or Section 4 of the Fourteenth Amendment. To establish jurisdiction under the Takings Clause, Harris must show that the government took a private property interest for public use without just compensation. Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004). Although Harris alleges that he was deprived of compensation for the work he performed in thwarting "electrophysiological slavery," there is no evidence in the record that he actually worked for the FBI. As the trial court found, "[t]he factual allegations

forming the basis of plaintiff's claim of his work with the FBI simply defy any recognized standards of logic or belief." As concerns Harris' other two alleged jurisdictional predicates, neither of those constitutional provisions mandate compensation by the government to Harris and therefore cannot confer jurisdiction in the Court of Federal Claims. For all of the above reasons, the court did not err in dismissing Harris' claim and we therefore affirm.

COSTS

No costs.